# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-654V
UNPUBLISHED

| | |
|---|---|
| KERRI PETERSON,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: August 26, 2021<br><br>Motion for decision; Dismissal; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Leigh Finfer*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Heather L. Pearlman,* U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On January 12, 2021, Kerri Peterson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa—10 through 34,[2] (the "Vaccine Act"). Ms. Peterson alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") from an influenza vaccine she received on October 28, 2020. ECF no. 1.

On August 18, 2021, Ms. Peterson filed a motion for a decision dismissing her petition. For the reasons set forth below, Ms. Peterson's motion is **GRANTED**, and this case is **DISMISSED**.

In the petition, Ms. Peterson alleged that she received an influenza vaccination but did not otherwise detail any of her symptoms or medical treatment. ECF No. 1.

---

[1] Although I have not formally designated this Decision for publication, I am required to post it on the United States Court of Federal Claims' website because it contains a reasoned explanation for the action in this case, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Aside from a declaration, Ms. Peterson did not submit any medical records or other supporting documentation with the petition.

The February 8, 2021 PAR Initial Order required Ms. Peterson to file all the statutorily required documents, including medical records supporting the vaccination, pre-vaccination treatment, and post-vaccination treatment. ECF No. 5. On July 19, 2021, Ms. Peterson filed some medical records but noted in a status report that "[her] counsel no longer feels as though Petitioner can establish a presumptive Table SIRVA injury." ECF no. 9.

On August 18, 2021, Ms. Peterson filed a motion for a decision dismissing the petition stating that "After further investigation, the facts and science supporting her case have demonstrated to Petitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program." ECF No. 10.

To receive compensation under the National Vaccine Injury Compensation Program, a petitioner must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. *See* §§ 300aa—13(a)(1)(A) and 11(c)(1). Ms. Peterson alleged that she sustained a SIRVA Table Injury.

Under the Vaccine Act, a petitioner may not receive compensation based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa—13(a)(1). For a Table Injury, among other requirements, a petitioner must establish with supporting documentation the severity requirement, that she either suffered the effects of this injury for at least six months or the injury resulted in inpatient hospitalization and surgical intervention. § 300aa—11(c)(1). Ms. Peterson only filed one medical record for a single appointment after the 6-month mark, exhibit 7 – Chiropratique. The records for this appointment at Chiropratique do not contain any treatment, assessment, or mention of Ms. Peterson's alleged shoulder injury. Moreover, Ms. Peterson admitted in her motion for a decision that she will not be able to establish entitlement to compensation.

Thus, Petitioner has failed to establish entitlement to compensation in the Vaccine Program. **This case is dismissed for insufficient proof. The clerk shall enter judgment accordingly.**[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] If Petitioner wishes to bring a civil action, he must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."